The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, Arkansas 72116
Dear Representative Vess:
This is in response to your request for an opinion concerning Act 252 of 1997, which provides in part: "Every municipal police department in this state is authorized to charge and collect a ten dollar ($10.00) fee for taking and entering every bail or delivery bond." With regard to this provision, you have asked whether bail bond companies are required to collect the ten dollar fee for the municipal police departments. In my opinion, the answer to your question is "no." As a practical matter, however, nothing in the act prohibits a bail bond company from reaching an agreement with a municipal police department to pay the fee on behalf of the defendant.
The Arkansas Supreme Court has stated that the first rule in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language.Mountain Home Sch. Dis. v. T.M.J. Builders, 313 Ark. 661, 858 S.W.2d 74
(1993). Where the language of a statute is plain and unambiguous, the court will determine legislative intent from the ordinary meaning of the language used. Id. Act 252 expressly authorizes every municipal police department to charge and collect a ten dollar fee for taking and entering every bail or delivery bond. The act clearly contemplates that the municipal police department may collect a fee for an action it performs, i.e. taking and entering every bail or delivery bond. Had the legislature intended to require the bail bond companies to collect the fee for the municipal police departments, it could have easily so stated. See, e.g.,
A.C.A. § 17-19-111(b)(1) (Supp. 1997) (each licensed professional bail bond company shall charge and collect as a nonrefundable fee for the State Insurance Department Trust Fund an additional ten dollar fee per bail bond). Nevertheless, it may be more convenient, for the municipal police department, the bail bond company, and the defendant, for the bail bond company to agree to pay the fee on behalf of the defendant. Such a method may be more practical than the municipal police department requiring the defendant to pay the fee at the actual time of the "taking and entering" of bail or delivery bond. Nothing in the act prohibits such an agreement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh